**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DAVID CROWELL, *ET AL.*, | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: H-05-3412 |
| | § | |
| SHELL OIL COMPANY, *ET AL.*, | § | |
| *Defendants.* | § | |

**MEMORANDUM AND ORDER**

Pending before the court is the motion of the defendants (collectively, "Shell Oil") to dismiss

certain claims filed by plaintiff Paul B. Siegel.[1]  Siegel 05-3724, Dkt. 19.[2]  Defendants raise four

---

[1] The defendants filing the motion are Shell Oil Company f/k/a or d/b/a Pennzoil-Quaker

State Company, SOPUS Products, L.L.C. f/k/a or d/b/a Pennzoil-Quaker State Company a/k/a

SOPUS Products, Pennzoil-Quaker State Company, Shell Pension Plan f/k/a Pennzoil-Quaker State

Company Employees Retirement Plan, and Kelley Lang.  Siegel 05-3724, Dkt. 19.  Catherine

Lamboley, while listed as a party on defendants' motion, has since been dismissed as a  defendant

in  this litigation.  Siegel 05-3724, Dkts. 19 and 29.

[2] Plaintiff filed a response and defendants have replied.  Siegel 05-3724, Dkts. 20 and 21.

Defendants also filed an answer to Siegel's amended complaint.  Siegel 05-3724, Dkt 27.

Additionally, the parties stipulated to dismiss both plaintiff's state-law claims as well as all claims

against Catherine Lamboley.  Siegel 05-3724, Dtk. 28.  Judge Vanessa D. Gilmore issued an order

granting this dismissal.  Siegel 05-3724, Dkt. 29.

grounds for dismissal.[3] After considering the pleadings and the applicable law, the court concludes that the defendants' motion to dismiss Siegel's claims for fiduciary breach under 29 U.S.C. § 1132(a)(2) and his claim for other equitable relief under U.S.C. § 1132(a)(3) should be GRANTED. As such, defendants' motion to dismiss is GRANTED IN PART, and DENIED IN PART as moot.

### BACKGROUND

Siegel is a former employee of Pennzoil-Quaker State Company ("PQS") and a participant in the PQS Company Employees' Retirement Plan (the "Retirement Plan" or the "Plan"). Siegel 05-3724, Dkt. 18 ¶ 12. The Plan is protected by the Employee Retirement Income Security Act of 1974 ("ERISA"), 88 Stat. 832, as amended, 29 U.S.C. § 1001 *et seq*. Siegel 05-3724, Dkt. 18 ¶ 55. In addition, Siegel elected to participate in a supplemental benefits plan ("Excess Plan") to the Retirement Plan which provided further pension income. Siegel 05-3724, Dkt. 18 ¶ 22.

The present controversy arose after the merger between PQS and Shell Oil on October 1, 2002, caused a "change in control" event, as the term is defined in the Retirement Plan. Siegel 05-3724, Dkt. 18 ¶ 30. This "change in control" triggered the calculation and subsequent payment of retirement-related funds contemplated by the Excess Plan to the plaintiff. *Id.* Siegel contends that, when calculating that sum, PQS incorrectly interpreted the term "Consideration Compensation" as

---

[3] Siegel 05-3724, Dkt. 19. Defendants currently contend that Siegel's claims under 29 U.S.C. § 1132(a)(2) and (a)(3) should be dismissed for failure to state a claim. *Id.* Defendants' other two grounds for dismissal regard claims that were dismissed by Judge Gilmore's order. Siegel 05-3724, Dkt. 29. The court will thus not address the latter claims, and the portion of the motion to dismiss challenging these claims will be denied as moot.

utilized by the Plan and thus excluded certain stock option income that he had previously realized. Dkt. 18 ¶ 32.

On September 25, 2006, Siegel initiated this suit in the Harris County District Court, asserting claims for breach of contract, warranty, fraud, and promissory estoppel. Siegel 05-3724, Dkt. 1, Ex. C.  Shell Oil removed the case on grounds of ERISA preemption.  Siegel 05-3724, Dkt. 1.   Siegel then filed  his first amended complaint, reasserting his state-law claims and adding ERISA claims under 29 U.S.C. §§ 1132(a)(1)(B), (a)(2), and (a)(3).  Siegel 05-3724, Dkt. 18 ¶¶ 55-63.  Siegel's motion to remand was subsequently denied.  Siegel 05-3724, Dtk. 23.   On November 28, 2006, Judge Gilmore granted Siegel's voluntary dismissal of  his state-law claims against Shell Oil as well as against defendant Lamboley.  Siegel 05-3724, Dkt. 29.  Thereafter this case was consolidated with its companion case, *Crowell*.  Siegel 05-3724, Dkt. 38.

Siegel asserts three ERISA claims.  Siegel 05-3724, Dkt. 18 ¶¶ 55-63.  The first claim, brought pursuant to 29 U.S.C. § 1132(a)(1)(B)  is not at issue for purposes of this motion to dismiss.  In addition, Siegel also seeks equitable relief for fiduciary breach pursuant to 29 U.S.C. § 1132(a)(2) and  "other equitable relief" under 29 U.S.C. §1132(a)(3).  Siegel 05-3724, Dkt. 18 ¶¶ 59-61.

Shell Oil seeks the dismissal of Siegel's latter two claims against defendants under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Shell Oil argues that Siegel's claims under  29 U.S.C. §§ 1132(a)(2) and (c)(3) fail to state a claim upon which relief can be granted.  Siegel 05-3724, Dkt. 19, 10-13. Shell Oil contends that Siegel's claim for fiduciary breach under 29 U.S.C. § 1132(a)(2) should be dismissed because this provision of the statute does not authorize the relief Siegel seeks. *Id.*  In addition, Shell argues that plaintiff's claim for other equitable relief under 29

U.S.C. § 1132(a)(3) is not available here, because Siegel concurrently asserts an individual ERISA benefits claim under  29 U.S.C. § 1132(a)(1)(B).  *Id.*  The court agrees.

**ANALYSIS**

Federal Rule of Civil Procedure 12(b)(6) requires that "the plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true."  *Oppenheimer v. Prudential Sec., Inc.* 94 F.3d 189, 194 (5th Cir. 1996).  The "court must examine the complaint to determine whether the allegations provide relief on any possible theory."  *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001).

**1.      Siegel's "Fiduciary Breach" Claim under Section 29 U.S.C. § 1132(a)(2)**

In Count B of his First Amended Complaint, Siegel alleges a fiduciary breach under 29 U.S.C. § 1109(a) and requests that "[he] and all other persons affected by the Plan administrator's exclusionary interpretation" be made whole pursuant to 29 U.S.C. § 1132(a)(2).   In particular, § 1109(a) requires that a fiduciary who breaches the duties imposed by ERISA is personally liable to " make good to such *plan* any losses to the *plan* . . . and to restore to such *plan* any profits" the fiduciary made on account of the breach.  29 U.S.C. §1109(a) (emphasis added).  Moreover, 29 U.S.C. § 1132(a)(2) states that "[a] civil action may be brought . . . by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title."  29 U.S.C. § 1132(a)(2).  Accordingly, § 1109 (a) *must*  be read in conjunction with § 1132(a)(2).  *Id.* (emphasis added).

Pursuant to these two statutes a plan beneficiary may therefore bring a so-called "derivative action" on behalf of the plan.  It is important to stress, however, that such a suit is exclusively brought on "behalf of the plan as a whole" and, accordingly, any "recovery must inure to the benefit of the plan as a whole."  *Langbecker v. Elec. Data Sys. Corp.*, No. 04-41760, 2007 WL 117465, at *2 (5th Cir.

4

Jan. 18, 2007) (citing *Mass. Mut. Life Ins. Co. v. Russell*, 105 S. Ct. 3085, 473 U.S. 134, 140, 146-47 (1985)) (internal quotation marks and alteration omitted).  In essence, the goal of a derivative action in these circumstances is to protect the plan, not the individual beneficiaries.  *See Russell*, 473 U.S. at 141.  Accordingly, it is the opinion of the court that the relief requested by Siegel is unavailable under this section of the statute.  While § 1132(a)(2) does allow a plan participant to sue for "appropriate relief" for fiduciary breach, the plan participant may only seek relief for the plan.  *Id.*  Said differently, the statute does not provide for a plan participant to sue for his personal benefit alone or for the benefit of "other persons affected."

Siegel's claim under § 1132(a)(2), which seeks recovery for his benefit and that of other individuals similarly "affected," but not for the plan itself, must therefore be dismissed.  *See Matassarin v. Lynch*, 174 F.3d 549, 566 (5th Cir. 1999) (emphasizing that "§1109 limits claims to those that inure to the benefit of the plan as a whole and not to the benefit only of individual plan beneficiaries," and holding that claims seeking individual relief under § 1132(a)(2) could not be sustained, even when they are brought on behalf of a multitude of plan participants or beneficiaries).

**2.      Siegel's Claim for  "Other Equitable Relief"**

Siegel also seeks "other equitable relief" under Count C of his First Amended Complaint.  Siegel asks this court "to impose a trust on  $658,201.18, plus interest thereon."  Shell Oil suggests that this amount is "essentially [a] recast version" of Count A, the benefits claim under 29 U.S.C. § 1132(a)(1)(B).  The court agrees.

Section 1132 (a)(3) does not permit redundant claims, when a potential remedy is available under § 1132 (a)(1)(B). It is merely a "safety net, offering appropriate equitable relief for injuries caused by

violations that [§ 1132] does not elsewhere adequately remedy. " *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996).  As our fellow district court stated succinctly: "[i]t is settled law in this circuit that a potential beneficiary may not sue for breach of fiduciary duty if he has a pending claim under section 1132(a)(1)(B) for benefits allegedly owed." *Met. Life Ins. Co v. Palmer*, 238 F. Supp. 2d 826, 830 (E.D. Tex. 2002) (citing *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998)).

The court finds that the amount sought by Siegel under Count C is essentially identical to the compensation that Siegel claims was denied under the ERISA Plan, and is in fact duplicative thereof. As in *Tolson,* Siegel "has adequate redress . . .  through his right to bring suit pursuant to section 1132(a)(1)." 141 F.3d at 610.  Therefore Siegel's  claim for other equitable relief must be dismissed.

### CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART as moot.[4]

It is so ORDERED.

Signed at Houston, Texas on February 6, 2007.

_____
Gray H. Miller
United States District Judge

---

[4] Siegel's state-law claims and claims against Catherine Lamboley have already been dismissed in a previous order.  Siegel 05-3724, Dkt. 29.